JOHN SEAMAN, PROSECUTOR, v. THE CITY OF PERTH
AMBOY, RESPONDENT.

Argued January 7, 1922—Decided January 31, 1922.

1. Where the charter of a railroad company gives it the right to
build a branch line to a mill or factory, but not in a city with-
out municipal consent, the consent of the city is not *ultra vires*,
because the proposed structure so authorized will not be a public
nuisance, and a private landowner suffering special damage will
be entitled to a writ of *certiorari* to review the municipal con-
sent, because the proposed structure, if placed in the street, will
not, being authorized by statute, be a nuisance subject to indict-
ment. or a civil suit for damages, and without the writ the prose-
cutor would have no remedy.

2. The prosecutor owned real property on the corner of two streets;
a railroad company having a line of railroad tracks on which it
ran cars for the convenience of adjoining landowners on the side-
walk to within a few feet of prosecutor's property, now propose
to build a similar line for the same purposes on the sidewalk on
the other side of the street, thus completely obstructing the ap-
proach to prosecutor's property along the sidewalks on both sides
of the street except over or along the tracks of the railroad com-
pany. *Held*, that the landowner suffered a special injury, and
that if he had no other remedy he was entitled to a writ of *cer-
tiorari* for his protection.

3. An ordinance which gives the consent of the municipality to a
railroad company to run a branch line along the sidewalks of
the city, for the benefit of a private business, so that the use of
the sidewalk to approach the house of a landowner on the street
is subject to use for railroad purposes. is an unreasonable exer-
cise of municipal power.

On *certiorari*.

Before a single justice, by consent.

For the prosecutor,. *Joseph E. Stricker.*

For the respondent, *Thomas Brown* and *Leo Goldberger.*

The opinion of the court was delivered by

BERGEN, J.   The prosecutor owns a building on the corner
of High and Washington streets, in the city of Perth Amboy,

and the Standard Underground Cable Company owns the
property on the opposite side of the street for at least a dis-
tance of five hundred feet northerly from Washington street,
as well as that on the same side with prosecutor's property
adjoining it on the north, and on both sides of the street
maintains large buildings used for factory purposes. The
Lehigh Valley Railroad Company now proposes to build a
branch line along the sidewalk on the opposite side of the
street from prosecutor's property to be used, for the conveni-
ence of the Standard company, to run cars along side of its
factory. The railroad company has a right to build the siding
or branch in the street under its charter, provided the mu-
nicipality consents, which it has done by the ordinance the
prosecutor has brought to this court to be reviewed by a writ
of *certiorari.* The defendant moved to dismiss this writ on
the ground that prosecutor will suffer no special injury, and
on this application an order was made allowing the taking
of depositions on that question, which, when taken, were so
extended as to embrace the merit of the controversy, and when
laid before the court counsel for each side entered into a
stipulation that the matter be considered and determined as
on final hearing and was fully argued with that object in
view. The record shows that there is, and has been for a
number of years, a railroad track for private convenience on
the sidewalk approaching prosecutor's property on the same
side of the street running within a few feet of his property,
and if the proposed railroad be built on the other side of the
street there will be no approach to his property along either
side of High street north of Washington street other than
walking along a street occupied by a railroad track. There
are no railroad tracks on High street south of Washington
street, and no other buildings used for residential purposes,
in whole or in part, except that of the prosecutor, on the part
of the street along the sidewalk of which the new construction
is proposed. Under these circumstances I do not see how it
can properly be said that the property of the prosecutor is not

specially injured in a manner different from the general public or the owners of similar property in the neighborhood.

In Jersey City *v.* Traphagen the ordinance assailed was one continuing a structure in the nature of an awning on the opposite side of the street from prosecutor's property, and it was there held that as the structure was in existence it could not be abated by a judgment in *certiorari* proceedings, and that to accomplish that the prosecutor had a remedy by indictment, the structure being a nuisance, and that the prosecutor had not suffered special injury. The situation was very different from that in this case where it is proposed to require persons wishing to go to prosecutor's dwelling to walk along sidewalks over which railroad tracks are to be laid and run trains thereon. In *Dufford* v. *Staats,* 54 *N. J. L.* 286, Mr Justice Dixon, referring to the *Traphagen case, supra,* said that the opinion in that case cited certain cases, with apparent approval, "but that they should not be deemed so broad as to defeat our jurisdiction under present conditions."

The Lehigh Valley Railroad Company proposes to build the proposed road in the street under section 9 of "An act concerning railroads" (*Comp. Stat., p.* 4223), which authorizes any such company to construct and operate a branch line extending from the main line to "any mill, factory, mine, clay bed or warehouse," but shall not construct such a branch in city or town until it obtains the consent of the municipal authorities. Therefore, the consent in the present case is not *ultra vires,* as it would furnish a justification for the proposed act of the railroad company. The rule adopted by the Supreme Court in *Oliver* v. *Jersey City,* 63 *N. J. L.* 96, which was approved by the Court of Errors and Appeals (*Id.* 634), although the judgment was reversed for other reasons, is, that the applicant for a writ of *certiorari* must show that he will suffer a special injury, subject to the qualification that where the ordinance is *ultra vires,* and will furnish no justification for the act authorized, so that if executed it will be a public nuisance, the writ will be denied, not because the prosecutor has no interest, but for the reason that there is

another remedy by indictment or civil action. So, if this writ be denied prosecutor has no remedy either by indictment for abatement of the nuisance, or civil action for damages resulting therefrom, because the source of the injury exists by statutory authority. I am satisfied that prosecutor is entitled to his writ, and the motion to dismiss it is denied. The case of Seaman *v.* Perth Amboy, recently decided, to which defendant refers, is not applicable here, for in that case the consent was *ultra vires,* because it authorized the building of a railroad by a party not endowed with power and fell within the exception stated in *Oliver* v. *Jersey City, supra.*

Turning to the merits as shown by the testimony, I find as a fact that the proposed occupation of the sidewalk of the street opposite to prosecutor's property for railroad purposes will be a substantial injury to it. The amount is not material unless it be nominal, for if a substantial right is to be invaded the owner is entitled to protection against it. The testimony taken by the defendant is directed to establishing the fact that in the opinion of the experts prosecutor will not be injured if, as they say it will, the business of the factory improves because of the increased convenience to the owners of it, but this is speculative and does not overcome the inference of special injury to be drawn from the proposed obstruction of the sidewalk on the opposite side of the street north of prosecutor's property and the running of railroad trains along them when there is a similar obstruction of the sidewalk on the other side of the street.

Under the circumstances shown in this case the ordinance consenting to the use of the sidewalks of the city for railroad purposes, for the expressed reason of affording the Standard Underground Cable Company a cheaper and more convenient method of transporting its material to and from its factory, is an unreasonable exercise of municipal power and should be set aside.

The ordinance is set aside, with costs.